**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Deborah D. Castillo, | ) | No. CV-05-4233-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jo Anne B. Barnhart, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff filed an application for supplemental security income benefits on August 5, 2003, alleging disability due to psychological impairments, including personality disorder, bipolar disorder and depression with suicidal ideation. Following a hearing on April 5, 2005, the Administrative Law Judge (ALJ) issued a decision finding that plaintiff was not disabled and denying benefits. The decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

The court has before it plaintiff's motion for summary judgment (doc. 11), defendant's response (doc. 14) and cross-motion for summary judgment (doc. 15), and plaintiff's response and reply (docs. 20, 21).

**I**

A district court may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rationale interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citation omitted).

The ALJ concluded that plaintiff's medically determinable impairments of personality disorder, affective disorder, obesity, history of substance abuse in reported remission and complaints of back pain were severe, Tr. 17, 20, but that plaintiff retained the ability to perform light work, limited to simple, repetitive tasks in a low stress environment with no high production quotas or confrontational roles. Tr. 18, 20. The ALJ found that plaintiff could perform her past relevant work as an electronics assembler, Tr. 19-20, and accordingly determined that plaintiff was not disabled at any time through the date of his decision. Tr. 20-21.

**II**

Plaintiff first argues that the ALJ failed to properly consider the medical records and opinions of Ms. Pence, a treating *nurse* practitioner, and Dr. Bencomo, a consulting physician. Because the medical opinion of a claimant's treating *physician* is entitled to special weight, an ALJ may reject controverted testimony of a treating physician only if he provides "specific and legitimate reasons supported by substantial evidence in the record for so doing." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quotation omitted). A nurse practitioner is not an "acceptable medical source," under 20 C.F.R. §§ 416.913(a), (d)(1), and as such Ms. Pence's opinion is not entitled to the same weight as a "treating source."[1]

---

[1] There is no indication that Ms. Pence was part of an "interdisciplinary team" that would afford her opinion greater weight. See Gomez v. Chater, 74 F.3d 967, 970-71 (9th Cir. 1996).

Plaintiff contends that the ALJ improperly rejected the opinion of nurse practitioner Pence, who opined that plaintiff is seriously limited in her ability to understand, carry out, and remember instructions; deal with people in a work setting and in general; and respond to customary work pressure. Tr. 218. She concluded that plaintiff's mental impairments would prohibit her from working. Tr. 217. The ALJ rejected Ms. Pence's assessment regarding plaintiff's mental limitations, stating that it was inconsistent with the greater objective record. Tr. 19. Specifically, the ALJ noted that in March 2004, Pence opined that plaintiff could not work due to her major depressive disorder. Tr. 217. Thereafter, in July 2004, she opined that plaintiff had moderately severe limitations in all areas of functional activity, and that plaintiff's medications were sedative and caused cognitive dulling. Tr. 218-19. However, between February and July 2004, the medical records indicate that plaintiff continued to improve; her mood was positive; she began making jewelry; and she reported no side effects to medications. Tr. 148, 166-68, 221-23. In addition to according less weight to Ms. Pence's opinion because she is not an acceptable medical source, the ALJ also properly determined that Ms. Pence's opinion regarding disability was inconsistent with other objective medical evidence showing increased stability and improvement in plaintiff's condition when regular treatment is maintained. Therefore, based on the record as a whole, the ALJ properly rejected Ms. Pence's opinion.

Consulting physician, Dr. Bencomo, opined that plaintiff was not limited in her ability to carry out simple job instructions; somewhat limited in her ability to relate to co-workers and carry out detailed job instructions; somewhat to seriously limited in her ability to follow work rules, deal with the public, use judgment, maintain attention and concentration, and carry out complex job instructions; and seriously limited in her ability to deal with work stresses, behave in an emotionally stable manner, demonstrate reliability, and relate predictably in social situations. Tr. 178. Dr. Bencomo noted that plaintiff "has had major depressive episodes, but she is stable on her medications." Tr. 177. He also stated that plaintiff suffers from a personality disorder, which "poses a problem for long term employment." Tr. 177.

The state agency physicians opined that plaintiff could carry out job instructions, persist in job tasks and relate well enough to perform simple low pressure jobs. Tr. 183, 202, 215. Dr. Bencomo and one of the state agency physicians noted that plaintiff's depression responded well to medication. Tr. 177, 183, 188, 197. The ALJ gave "probative weight" to these opinions, stating that they were supported by the objective medical evidence and were consistent with the entire record. Tr. 19.

The ALJ did not expressly discuss Dr. Bencomo's statement that plaintiff's personality disorder "poses a problem for long term employment." However, plaintiff's attorney presented to the vocational expert the specific functional limitations related to plaintiff's mental impairment, as assessed by Dr. Bencomo, including serious limitations in ability to behave in an emotionally stable manner, demonstrate reliability, and relate predictably in social situations. Tr. 275-76. The vocational expert testified that a person with these functional limitations could perform plaintiff's past relevant work as an electronics assembler. Tr. 276. Therefore, while the ALJ did not expressly consider the broad, ambiguous statement that plaintiff's personality disorder "poses a problem for long term employment," the ALJ did consider the specific functional limitations contained in Dr. Bencomo's opinion and determined that plaintiff was not disabled. This opinion is supported by the greater record, including the conclusions of two state reviewing physicians who determined that plaintiff is able to work. Tr. 183, 202. A stray comment of dubious import is not enough to overcome these express conclusions. The ALJ properly evaluated Dr. Bencomo's opinion in reaching his disability determination.

**III**

We next consider whether the ALJ properly determined that plaintiff's subjective allegations regarding the severity of her symptoms and functional limitations were not wholly credible. An ALJ is entitled to use ordinary techniques of credibility evaluation. However, because such testimony is inherently subjective, the ALJ may not reject it unless he makes specific factual findings that support the conclusion. Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991). "When evidence reasonably supports either confirming or

reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ." Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196 (9th Cir. 2004).

Here, the ALJ set forth sufficiently specific findings in support of the credibility determination. First, he found that the medical evidence did not fully support plaintiff's allegations. See 20 C.F.R. § 404.1529(b) (medical evidence must reasonably support subjective claims). The ALJ stated that despite plaintiff's allegations that she cannot function because of her mental impairments, the objective medical record shows that she is stable on medications, even during times of stress. Tr. 148-57, 177-79. Moreover, the plaintiff's daily living activities "demonstrate she is capable of greater levels of activity than alleged." Tr. 18, 20. The ALJ also found inconsistencies in the plaintiff's own testimony. For example, although she testified that she experienced anxiety and discomfort in being around other people, she nevertheless rides the bus to the library and medical appointments, performs household chores, rides her bike, and spends time socializing with friends.

We conclude that the ALJ's determination that plaintiff's testimony was not wholly credible is supported by specific findings and is therefore entitled to deference. See Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995).

## IV

Based on the foregoing, we conclude that substantial evidence in the record supports the ALJ's conclusion that plaintiff is not disabled.

Therefore, **IT IS ORDERED GRANTING** defendant's cross-motion for summary judgment (doc. 15) and **DENYING** plaintiff's motion for summary judgment (doc. 11).

DATED this 19th day of March, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge