**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Deborah D. Castillo, | ) | No. CV-05-4233-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

The court has before it plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (doc. 34), defendant's response (doc. 42), and plaintiff's reply (doc. 43).

On March 20, 2007, we held that substantial evidence in the record supported the ALJ's decision that plaintiff is not disabled and therefore not eligible for benefits under Title XVI of the Social Security Act. On appeal, the United States Court of Appeals for the Ninth Circuit reversed and remanded for further administrative proceedings. Plaintiff now seeks attorney's fees and costs in the total amount of $20,693.86, which includes 119.9 hours of attorney time.

A prevailing party in an action against the United States is entitled to an award of attorney's fees and costs under the EAJA unless the government's position was "substantially

1  justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contest the propriety of
2  a fee award or the claimed hourly rate. Response at 1 n.1. Instead, he argues that the number
3  of hours claimed is unreasonable.

4  A prevailing party is only entitled to reasonable fees. Sorenson v. Mink, 239 F.3d
5  1140, 1145 (9th Cir. 2001). The Commissioner contends that plaintiff's fee request
6  improperly includes 2.8 hours of administrative or clerical tasks that are not recoverable
7  under the EAJA. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 2472
8  n.10 (1989) ("purely clerical or secretarial tasks" are not recoverable).

9  Plaintiff's counsel billed for time spent preparing proofs of service, calendaring due
10 dates, and dictating instructions on printing and binding appellate briefs. The billed time also
11 includes obtaining multiple extensions of deadlines–a far too common practice. While we
12 agree with counsel that calendaring deadlines and binding briefs are necessary tasks in the
13 course of litigation, costs associated with such clerical duties are typically considered
14 overhead expenses reflected in a lawyer's hourly rate and are not properly reimbursable.
15 Therefore, we reduce plaintiff's fee request by 2.8 hours, or $466.32.

16 The Commissioner also objects to the 17.5 hours spent drafting the motion for
17 summary judgment and the 54.8 hours spent preparing the Ninth Circuit briefs. He argues
18 that the issues presented in this case are "routine," and that, because plaintiff's counsel
19 performed the work at every stage of the administrative and judicial process, his increased
20 efficiency requires a time reduction. Response at 4. The Commissioner suggests that a 25
21 hour reduction is appropriate.

22 We disagree that this was merely a routine matter. While certain broad issues are
23 commonly presented in Social Security cases (i.e., weight accorded medical source opinion
24 or subjective complaint testimony), analysis of these legal issues is driven by fact-intensive
25 application of an extensive administrative record. Moreover, given the complexity of the
26 issues presented in this case, and the fact that this case has spanned multiple levels of appeals
27 over the course of three years, we do not consider the claimed hours unreasonable.
28

1 Therefore, **IT IS ORDERED GRANTING** plaintiff's application for attorney's fees
2 and costs in the total amount of $20,227.54 (doc. 34).
3 DATED this 12th day of August, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge